**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JUSTINIAN RWEYEMAMU, | : | |
|   Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:07CV0553(AVC) |
| | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
|   Defendants. | : | |

**RULING ON THE PLAINTIFF'S MOTIONS TO REMAND, FOR AN EXEMPTION FROM THE COURT'S ORDER ON ELECTRONIC FILING, AND FOR RECONSIDERATION OF AND TO SET ASIDE THE COURT'S GRANT OF AN EXTENSION OF TIME**

This is an action for damages. It is brought pursuant to, inter alia, Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat. §§ 46a-51 et seq. The plaintiff, Justinian Rweyemamu, alleges that his former employer, the Connecticut Department of Corrections, and various corrections officials, discriminated against him on account of his race, religion, and national origin.

**I. Motion to Remand**

The defendants removed this action to the district court from Connecticut superior court, pursuant to 28 U.S.C. §§ 1441 and 1446. In response, Rweyemamu has filed a memorandum in opposition to the "petition for notice of removal."[1]

---

[1] Defendants are not required to petition the court to remove an action to district court, nor is the court required to enter an order of removal. See 28 U.S.C. § 1446. Rather, defendants need only file a timely "notice of removal." Id. Accordingly, the court construes Rweyemamu's opposition to removal as a motion to remand this action to Connecticut superior court, pursuant to 28 U.S.C. § 1447 and Fed. R. Civ. P. 12(b)(1).

Specifically, Rweyemamu first argues that the notice of removal was defective because not all of the defendants joined the notice within thirty days of being served with the complaint.

The defendants respond by arguing that Rweyemamu's assertions are incorrect. Specifically, "[t]he defendants, pursuant to 28 U.S.C. § 1446(b)[,] removed this matter on the 29th day after it was served upon them and therefore satisfied the federal requirement."

"The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading. . . ." 28 U.S.C. § 1446(b). "Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006).

In the present case, the notice of removal names each of the defendants in this case, and further states that the "undersigned defendants respectfully request that the . . . action . . . be removed . . . to the United States District Court for the District of Connecticut for all future proceedings." The signature line of the notice does not individually list the

defendants, but simply reads "defendants."  Attorney Margaret Chapple, counsel for all of the defendants in this matter, filed the notice.

Under these circumstances, the court is convinced that all of the defendants joined the notice of removal in satisfaction of the "rule of unanimity."  Moreover, as the defendants filed the notice on April 11, 2007, or twenty-nine days after they were served with the complaint, the notice was timely.  Accordingly, the court declines to remand the action based on Rweyemamu's argument that the notice of removal was procedurally defective.

Rweyemamu next argues that this action should be remanded to the superior court because the district court lacks jurisdiction over this matter.  Specifically, he contends that the "complaint sounds exclusively in state discrimination law over which the federal court has no jurisdiction."

The defendants respond that the court indeed has jurisdiction over this matter.  Specifically, "the plaintiff in his otherwise confusing Complaint specifically cites unclearly but most definitely in several instances to federal law under which this Court has original jurisdiction."

The United States Code provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, [or] laws . . . of the United States."  28 U.S.C. § 1331.  Further, "[a]ny civil action of which the

district courts have original jurisdiction founded on a claim or right arising under the Constitution, . . . or laws of the United States shall be removable. . . ." 28 U.S.C. § 1441(b).

Facially, the complaint sets forth allegations concerning causes of action over which this court has original jurisdiction and which concern rights arising under federal law. Specifically, the complaint asserts that Rweyemamu "bring[s] this action for monetary and other relief pursuant to . . . the US [sic] . . . Constitution[]. . . ." Further, count three of the complaint alleges "equal protection violations under the federal and state constitutions." Similarly, count four alleges "due process violations under the US [sic] constitution." Such allegations invoke the court's jurisdiction, and as such, the defendants removal of this action to district court was proper.

Therefore, the motion to remand (document no. 13) is DENIED. To the extent that Rweyemamu does not intend to press a cause of action concerning the violation of federal rights, the court grants him leave to amend his complaint accordingly within ten days of the entry of this ruling. Thereafter, upon either parties' motion, the court will revisit the question of the court's jurisdiction.

**II. Motion for an Exemption from Electronic Filing**

Rweyemamu next moves for an exemption from the court's order requiring the electronic filing of documents in this matter. The

motion is GRANTED in part, and DENIED in part. Rweyemamu may continue to manually file documents for a period of ninety days following the entry of this ruling. After this period has expired, he shall fully comply with the court's electronic filing order (document no. 3).

**III. Motion for an Extension of Time in which to Plead**

Rweyemamu next moves for reconsideration of, and to set aside the court's order granting the defendants an extension of time in which to file a responsive pleading. Specifically, Rweyemamu argues that the court should set aside its order because "the Court . . . lacked subject matter jurisdiction . . . to grant [the] . . . Motion for Extension of Time." As the court has previously dispensed of this argument, the motions to set aside, and for reconsideration of the grant of an extension of time (documents no. 16 and 17) are DENIED.

**CONCLUSION**

The plaintiff's motions to remand (document no. 13), to set aside (document no. 16), and for reconsideration (document no. 17) are DENIED. The motion for an exemption from electronic filing (document no. 12) is GRANTED in part, and DENIED in part.

It is so ordered this 9<u>TH</u> day of May, 2007, at Hartford, Connecticut.

                              _____/S/_____
                              Alfred V. Covello
                              United States District Judge